UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
:
ALROY RICHARDS, :
:
Plaintiff, :
: 24-CV-2212 (VSB)
- against - :
: **OPINION & ORDER**
:
CITY OF NEW YORK, :
:
Defendant. :
:
----------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

Plaintiff Alroy Richards, of Valley Stream, Nassau County, New York, brings this action pro se. He has paid the fees to bring this action and sues the City of New York. Plaintiff asserts claims of retaliation and employment discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act of 1967 ("ADEA"), as well as claims of federal constitutional violations, and claims under state law, including claims of retaliation and employment discrimination under the New York State and New York City Human Rights Laws. His claims arise out of the City of New York's alleged failure to hire him. I understand Plaintiff's claims of federal constitutional violations as brought under 42 U.S.C. § 1983. Plaintiff seeks as relief: (1) his immediate hiring; (2) damages; (3) a "cease and desist" order; and (4) "mediation." (Doc. 1, "Complaint" or "Compl." at 6.) For the reasons set forth below, Plaintiff is granted leave to file an amended complaint within 30 days of the date of this order.

I. **Background**

Plaintiff alleges that the City of New York has retaliated against him for suing it

previously, and that it has discriminated against him because of his age (born in 1972), race (Black), color (Black), national origin (Jamaican citizen), immigration status ("green card holder"), and because of other unspecified "protected characteristics," by not hiring him. (Doc 1 at 3–5.) Plaintiff also alleges the following: Plaintiff applied for a position with the New York City Department of Homeless Services ("DHS").[1] During or after being interviewed, he "submitted all personal document paid for services, in order to be employed [*sic*]." (*Id.* at 5.) He also "[c]ompleted all the required documentations, to include IDs, work permits, green card, Social Security card, etc. Contracts signed [*sic*]." (*Id.*) But "[t]wo and a half years later, [he is] not employed." (*Id.*) Plaintiff believes that the City of New York "knew of other pending civil lawsuits [he] had filed against [it] prior." (*Id.*)

## II.     Legal Standard

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the fees to bring a civil action, if the Court determines that the action is frivolous, *see Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000), or that the Court lacks subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court may also dismiss an action for failure to state a claim on which relief may be granted, "so long as the plaintiff is given notice and an opportunity to be heard." *Wachtler v. Cnty. of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994) (citation and internal quotation marks omitted), *abrogated on other grounds*, *Murphy v. Hughson*, 82 F.4th 177 (2d Cir. 2023). The Court is obliged, however, to construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*,"

---

[1] An attachment to the Complaint seems to indicate that, on or about May 19, 2021, Plaintiff applied for the position of a "community assistant/peer coordinator" with DHS. (Doc. 1 at 13.)

*Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks omitted, emphasis in original).

### III. <u>Discussion</u>

#### A. *Claims of employment discrimination under Title VII*

Title VII prohibits an employer or a potential employer from discriminating against an employee or a potential employee because of that person's race, color, religion, sex, or national origin. *See* 42 U.S.C. § 2000e-2(a). To state a claim of discrimination under Title VII, "a plaintiff must plausibly allege that (1) the employer took adverse employment action against him, and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015). The plaintiff "may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Id.* at 87.

Plaintiff's allegations regarding race, color, and national origin-based employment discrimination are conclusory and lack detail. Plaintiff alleges nothing that connects the City of New York's alleged failure to hire him with any of his characteristics that is protected by Title VII (his race, color, sex, national origin, or religion). Because he has not alleged facts sufficient to show that at least one of those characteristics has been a motivating factor with respect to the City of New York's decision not to hire him, he has failed to state a claim of employment discrimination under Title VII. In light of Plaintiff's pro se status, however, Plaintiff is granted leave to file an amended complaint to allege facts sufficient to state a claim of employment discrimination against the City of New York under Title VII.

#### B. *Claims of retaliation under Title VII*

3

Plaintiff has also failed to state a claim of retaliation under Title VII. To state such a claim, a plaintiff must allege facts showing that: "(1) [the] defendant[] discriminated—or took an adverse employment action—against him, (2) 'because' he has opposed any unlawful employment practice." *Vega*, 801 F.3d at 90 (quoting 42 U.S.C. § 2000e-3(a)). "[F]or an adverse retaliatory action to be 'because' a plaintiff [opposed an unlawful employment practice], the plaintiff must plausibly allege that the retaliation was a 'but-for' cause of the employer's adverse action. It is not enough that retaliation was a 'substantial' or 'motivating' factor in the employer's decision." *Id.* at 90–91 (internal quotation marks omitted).

Plaintiff alleges no facts showing that he suffered an adverse employment action because he opposed an unlawful employment practice. Although the filing of a previous lawsuit opposing an unlawful employment practice may be a protected activity for the purpose of such a claim, Plaintiff alleges nothing to suggest that, but for such a lawsuit that he has previously brought, including any lawsuit that he has previously brought against the City of New York, the City would have hired him. Thus, Plaintiff fails to state a claim of retaliation under Title VII. However, Plaintiff is granted leave to amend his complaint to allege facts sufficient to state a claim of retaliation under Title VII.

## C.  *Claims of employment discrimination under the ADEA*

The ADEA "prohibits discrimination in employment on the basis of age against persons aged 40 or older." *D'Cunha v. Genovese/Eckerd Corp.*, 479 F.3d 193, 194 (2d Cir. 2007) (citing 29 U.S.C. §§ 623(a)(1), 631(a)). To state a claim of employment discrimination under that statute, a plaintiff must allege facts showing that his age was the "but-for" cause of the employer's adverse employment action against him. See *Vega*, 801 F.3d at 86 (quoting *Gross v. FBL Fins. Servs., Inc.*, 557 U.S. 167, 177 (2009)).

4

Even though Plaintiff alleges that he was more than 40 years of age at the time that he applied for a position with the City of New York, he does not allege facts sufficient to state a claim of employment discrimination under the ADEA; he does not allege facts showing that, but for his age at that time, the City of New York would have hired him. In light of Plaintiff's pro se status, the Court grants Plaintiff leave to amend his complaint to replead his claims of age-based employment discrimination under the ADEA.  He must allege facts showing that, but for his age, he would not have experienced the alleged adverse employment action, that is, the City of New York would have hired him.

### D.  *Claims of retaliation under the ADEA*

The pleading standard for a claim of retaliation under ADEA is the same as the pleading standard for a claim of retaliation under Title VII.  *See Vega*, 801 F.3d at 90; *Kopchik v. Town of E. Fishkill, N.Y.*, 759 F. App'x 31, 34-35 (2d Cir. 2018) (summary order) (quoting *Vega*, 801 F.3d at 90-91) (adopting pleading requirements for a claim of retaliation under Title VII for a claim of retaliation under the ADEA).

Plaintiff's claims of retaliation under the ADEA thus fail for the same reasons as Plaintiff's claims of retaliation under Title VII fail.  Plaintiff is granted leave to amend his complaint to allege facts sufficient to state a claim of retaliation under the ADEA.

### E.  *Claims of federal constitutional violations under 42 U.S.C. § 1983*

As discussed above, the Court construes Plaintiff's claims of federal constitutional violations as brought under 42 U.S.C. § 1983.  When a plaintiff sues a municipality, like the City of New York, under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing.  The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights.  *See Connick v. Thompson*,

563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dept of Soc. Servs.*, 436 U.S. 658, 692 (1978))); *Cash v. Cnty. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011).  In other words, to state a claim under Section 1983 against a municipality, the plaintiff must allege facts showing:  (1) the existence of a municipal policy, custom, or practice, and; (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights.  *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *see Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997) (internal citations omitted); *see also Littlejohn v. City of New York*, 795 F.3d 297, 314–15 (2d Cir. 2015) (discussion in the employment-discrimination context).

Plaintiff alleges no facts showing that a policy, custom, or practice of the City of New York caused a violation of his federal constitutional rights.  Plaintiff is granted leave to amend his complaint to allege such facts.

### F.  *Leave to Amend*

Plaintiff proceeds in this matter without the benefit of an attorney.  District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile.  *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).  Indeed, the United States Court of Appeals for the Second Circuit has cautioned that district courts "should not dismiss [a pro se complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)).  Because Plaintiff may be able to allege additional facts to state a valid claim under Title VII, the

ADEA, and/or 42 U.S.C. § 1983,  Plaintiff is granted leave to amend his Complaint within 30 days to detail his claims.

Plaintiff is granted leave to amend his complaint to provide more facts about his claims. In the "Statement of Claim" section of the amended complaint, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant.  If Plaintiff has an address for any named defendant, Plaintiff must provide it.  Plaintiff should include all of the information in the amended complaint that he wants the Court to consider in deciding whether the amended complaint states a claim for relief.  That information should include the following: (i) the names and titles of all relevant people; (ii) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred; (iii) a description of the injuries Plaintiff suffered; and (iv) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.  Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights; how, when, and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

### IV.     Conclusion

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above.  Plaintiff must submit the amended complaint to this court's Pro Se Intake Unit within 30 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 1:24-CV-2212 (VSB).  An Amended Complaint for

7

Employment Discrimination form is attached to this order. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, I will dismiss this action: I may also dismiss Plaintiff's claims under federal law for failure to state a claim on which relief may be granted, *see Wachtler*, 35 F.3d at 82, and will decline to consider, under its supplemental jurisdiction, Plaintiff's claims under state law, *see* 28 U.S.C. § 1367(c)(3).

The City of New York is not obligated to respond to this action until Plaintiff has filed an amended complaint in compliance with this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: April 11, 2024
        New York, New York

Vernon S. Broderick
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

Write the full name of each plaintiff.

-against-

_____

Write the full name of each defendant. The names listed above must be identical to those contained in Section I.

_____CV_____
(Include case number if one has been assigned)

Do you want a jury trial?
☐ Yes     ☐ No

# AMENDED
# EMPLOYMENT DISCRIMINATION COMPLAINT

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

I.   PARTIES

A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____
First Name            Middle Initial        Last Name

_____
Street Address

_____
County, City                          State                Zip Code

_____
Telephone Number                 Email Address (if available)

B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. (Proper defendants under employment discrimination statutes are usually employers, labor organizations, or employment agencies.) Attach additional pages if needed.

Defendant 1:   _____
               Name

               _____
               Address where defendant may be served

               _____
               County, City             State              Zip Code

Defendant 2:   _____
               Name

               _____
               Address where defendant may be served

               _____
               County, City             State              Zip Code

Defendant 3:

_____
Name

_____
Address where defendant may be served

_____
County, City          State          Zip Code

## II.   PLACE OF EMPLOYMENT

The address at which I was employed or sought employment by the defendant(s) is:

_____
Name

_____
Address

_____
County, City          State          Zip Code

## III.   CAUSE OF ACTION

### A.   Federal Claims

This employment discrimination lawsuit is brought under (check only the options below that apply in your case):

☐ **Title VII of the Civil Rights Act of 1964**, 42 U.S.C. §§ 2000e to 2000e-17, for employment discrimination on the basis of race, color, religion, sex, or national origin

   The defendant discriminated against me because of my (check only those that apply and explain):

   ☐ race: _____

   ☐ color: _____

   ☐ religion: _____

   ☐ sex: _____

   ☐ national origin: _____

Page 3

☐ **42 U.S.C. § 1981**, for intentional employment discrimination on the basis of race

   My race is: _____

☐ **Age Discrimination in Employment Act of 1967**, 29 U.S.C. §§ 621 to 634, for employment discrimination on the basis of age (40 or older)

   I was born in the year: _____

☐ **Rehabilitation Act of 1973**, 29 U.S.C. §§ 701 to 796, for employment discrimination on the basis of a disability by an employer that constitutes a program or activity receiving federal financial assistance

   My disability or perceived disability is: _____

☐ **Americans with Disabilities Act of 1990**, 42 U.S.C. §§ 12101 to 12213, for employment discrimination on the basis of a disability

   My disability or perceived disability is: _____

☐ **Family and Medical Leave Act of 1993**, 29 U.S.C. §§ 2601 to 2654, for employment discrimination on the basis of leave for qualified medical or family reasons

**B.  Other Claims**

In addition to my federal claims listed above, I assert claims under:

☐ **New York State Human Rights Law**, N.Y. Exec. Law §§ 290 to 297, for employment discrimination on the basis of age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status

☐ **New York City Human Rights Law**, N.Y. City Admin. Code §§ 8-101 to 131, for employment discrimination on the basis of actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status

☐ Other (may include other relevant federal, state, city, or county law):

   _____

IV.    STATEMENT OF CLAIM

A. Adverse Employment Action

The defendant or defendants in this case took the following adverse employment actions against me (check only those that apply):

☐   did not hire me

☐   terminated my employment

☐   did not promote me

☐   did not accommodate my disability

☐   provided me with terms and conditions of employment different from those of similar employees

☐   retaliated against me

☐   harassed me or created a hostile work environment

☐   other (specify): _____

_____

B. Facts

State here the facts that support your claim. Attach additional pages if needed. You should explain what actions defendants took (or failed to take) *because of* your protected characteristic, such as your race, disability, age, or religion. Include times and locations, if possible. State whether defendants are continuing to commit these acts against you.

_____
_____
_____
_____
_____
_____

As additional support for your claim, you may attach any charge of discrimination that you filed with the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights, the New York City Commission on Human Rights, or any other government agency.

V. **ADMINISTRATIVE PROCEDURES**

For most claims under the federal employment discrimination statutes, before filing a lawsuit, you must first file a charge with the U.S. Equal Employment Opportunity Commission (EEOC) and receive a Notice of Right to Sue.

Did you file a charge of discrimination against the defendant(s) with the EEOC or any other government agency?

☐ Yes (Please attach a copy of the charge to this complaint.)

    When did you file your charge? _____

☐ No

Have you received a Notice of Right to Sue from the EEOC?

☐ Yes (Please attach a copy of the Notice of Right to Sue.)

    What is the date on the Notice? _____

    When did you receive the Notice? _____

☐ No

VI. **RELIEF**

The relief I want the court to order is (check only those that apply):

☐ direct the defendant to hire me

☐ direct the defendant to re-employ me

☐ direct the defendant to promote me

☐ direct the defendant to reasonably accommodate my religion

☐ direct the defendant to reasonably accommodate my disability

☐ direct the defendant to (specify) (if you believe you are entitled to money damages, explain that here)

_____

_____

_____

_____

## VII. PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |
|---|---|
| First Name            Middle Initial | Last Name |
| Street Address | |
| County, City | State            Zip Code |
| Telephone Number | Email Address (if available) |

I have read the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

    If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

Page 7



United States District Court
Southern District of New York

# Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1. Sign up for a PACER login and password by contacting PACER[1] at www.pacer.uscourts.gov or 1-800-676-6856;

2. Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

## IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1. You will no longer receive documents in the mail;

2. If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;

3. This service does *not* allow you to electronically file your documents;

4. It will be your duty to regularly review the docket sheet of the case.[3]

---

[1] Public Access to Court Electronic Records (PACER) (www.pacer.uscourts.gov) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2. I have established a PACER account;

3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

**Note:** This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____

_____
Name (Last, First, MI)

_____
Address        City        State        Zip Code

_____
Telephone Number        E-mail Address

_____
Date        Signature

**Return completed form to:**

Pro Se Intake Unit (Room 200)
500 Pearl Street
New York, NY 10007